UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVENIA BRYANT-JACKSON, | Case No. 17-cv-02204-JCS |
| Plaintiff, | |
| v. | **ORDER DISMISSING PLAINTIFF'S HIPAA CLAIM WITH PREJUDICE, REMANDING ACTION TO STATE COURT, AND VACATING MOTION HEARING** |
| CONTRA COSTA REGIONAL MEDICAL CENTER AUXILIARY, | |
| Defendant. | Re: Dkt. No. 6 |

## I.      INTRODUCTION

On March 8, 2017 Plaintiff Harvenia Bryant-Jackson, pro se, filed this action in the Superior Court of California for the County of Contra Costa, case number C17-00456, against Defendant Contra Costa Regional Medical Center Auxiliary[1] ("CCRMCA").  Bryant-Jackson asserted a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a violation of Bryant-Jackson's civil rights, and "identity theft of [Bryant-Jackson's] personal property."  On April 20, 2017 CCRMCA removed the case to this Court based on federal question and civil rights jurisdiction and now moves to dismiss.  Bryant-Jackson did not file a timely opposition.  All parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).  The Court held a hearing on June 30, 2017, at which Bryant-Jackson did not appear.

For the reasons discussed below, the Court GRANTS IN PART CCRMCA's motion, DISMISSING WITH PREJUDICE Bryant-Jackson's HIPAA claim to the extent HIPAA's lack of a private right of action constitutes an incurable defect as to that claim in federal court.  Lacking subject matter jurisdiction over the remaining claims, the Court REMANDS this action sua sponte

---

[1] Defendant notes that the Notice of Removal was erroneously filed on behalf of Contra Costa County, and requests the Court disregard language in the Notice of Removal stating Defendant was "erroneously sued as Contra Costa Regional Medical Center Auxiliary."  Notice of Removal (dkt. 1) at 1.

1  to the Superior Court of California for the County of Contra Costa.

2  **II.  ANALYSIS**

3  **A.  Legal Standard for Motions to Dismiss**

4  A complaint may be dismissed for failure to state a claim on which relief can be granted

5  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a motion to dismiss

6  under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp.*

7  *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a claimant's burden at the pleading stage

8  is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading

9  which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim

10  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In ruling on a motion to

11  dismiss under Rule 12(b)(6), the court analyzes the pleading and takes "all allegations of material

12  fact as true and construe[s] them in the light most favorable to the non-moving party."  *Parks Sch.*

13  *of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal may be based on a lack of a

14  cognizable legal theory or on the absence of facts that would support a valid theory.  *Balistreri v.*

15  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16  **1.  Bryant-Jackson's HIPAA Claim Is Not Cognizable**

17  Bryant-Jackson asserts that CCRMCA violated HIPAA by disclosing to the Concord

18  Police Department that she had previously been held involuntarily by CCRMCA's psychiatric

19  ward.  Compl. (dkt. 1-1) at 6, 16.  However, HIPAA provides no private right of action.  *Webb. v.*

20  *Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007).  While HIPAA's

21  requirements may in some circumstances be used to bring claims under relevant state law, a

22  plaintiff cannot assert a claim based solely on a violation of HIPAA.  *Amatrone v. Champion*, No.

23  15-cv-01356-JST, 2016 WL 641636, at *4 (N.D. Cal. Feb. 18, 2016) (citing *Webb. v. Smart*

24  *Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)).  Therefore, the Court concludes

25  that Bryant-Jackson has not asserted a cognizable claim under HIPAA.  As HIPAA's lack of a

26  private right of action precludes the possibility of Bryant-Jackson amending this claim to bring it

27  within federal jurisdiction, the Court finds it incurably defective and dismisses it with prejudice.

28  *See Cato v. United States*, 70 F.3d 1103, 1105–06 (9th Cir. 1995).  In doing so, the Court does not

2

reach whether the Complaint could be construed as stating a HIPAA-related claim within the

jurisdiction of a California state court.

### B.    Legal Standard for Subject Matter Jurisdiction

Federal courts have limited subject matter jurisdiction and may only hear cases falling

within their jurisdiction.  Generally, a defendant may remove a civil action filed in state court if

the action could have been filed originally in federal court.  28 U.S.C. § 1441.  The removal

statutes are construed restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp.*

*v. Sheets*, 313 U.S. 100, 108–09 (1941).  The Ninth Circuit recognizes a "strong presumption

against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks

omitted).  Any doubts as to removability should be resolved in favor of remand.  *Matheson v.*

*Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the

burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

Cir. 2004).  A district court may remand a case to state court sua sponte if it determines that

jurisdiction is lacking.  28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th

Cir. 2014).

District courts have jurisdiction—commonly known as "federal question" jurisdiction—

over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28

U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987).  "When a claim can be supported by alternative and

independent theories—one of which is a state law theory and one of which is a federal law

theory—federal question jurisdiction does not attach because federal law is not a necessary

element of the claim."  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 347 (9th Cir. 1996).

### 1.    The Court Lacks Jurisdiction Over Bryant-Jackson's Other Claims

CCRMCA's stated basis for removal is as follows:

> This action is a civil action over which this Court has original
> jurisdiction under 28 U.S.C. sections 1331 and 1343, and is one
> which may be removed to this Court by Defendant pursuant to 28

U.S.C. section 1441(a), in that Plaintiff through her own complaint alleges claims against Defendant under [HIPAA], 45 C.F.R. section 160.103, et seq. Plaintiff also alleges a "Civil Rights Violation" without identifying whether the source of the rights is federal or state law, so to the extent Plaintiff alleges a state law claim, this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. section 1367.

Notice of Removal (dkt. 1) ¶ 3.[2]

Absent Bryant-Jackson's dismissed HIPAA claim, CCRMCA asserts no other basis for the Court's original jurisdiction over this action, and no other federal questions are present on the face of Bryant-Jackson's complaint. To the extent Bryant-Jackson's "Civil Rights Violation" claim could constitute a federal question, even CCRMCA recognizes that this could also be a state law claim, thus rendering federal law an unnecessary element of the claim under *Rains*. 80 F.3d at 347; Notice of Removal ¶ 3 ("[T]o the extent Plaintiff alleges a state law claim this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. section 1367."). Moreover, as the removing party, CCRMCA had the burden to demonstrate grounds for removal, and its notice of removal cites only Bryant-Jackson's HIPAA claim as giving rise to federal jurisdiction. *See* Notice of Removal ¶ 3. CCRMCA has not met its burden to show that this Court has jurisdiction over the remaining claims, and the Court therefore remands this action sua sponte to state court.

**III. CONCLUSION**

For the reasons stated above, Bryant-Jackson's HIPAA claim is DISMISSED WITH PREJUDICE, to the extent HIPAA's lack of a private right of action constitutes an incurable defect as to that claim in federal court. Lacking jurisdiction over the remaining claims, the Court REMANDS this action sua sponte to the Superior Court of California for the County of Contra Costa.

**IT IS SO ORDERED.**

Dated: June 30, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The Court notes that CCRMCA argues for dismissal of Plaintiff's "Identity Theft" claim in its Motion to Dismiss, Pl. Mot. at 6 (dkt. 6), yet makes no showing of the Court's jurisdiction over that claim in their Notice of Removal.